1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| **MAUREEN LAGRONE**, on behalf of herself) and others similarly situated, ) | Case No. |
| ) | |
| Plaintiff, ) | **CLASS ACTION COMPLAINT AND** |
| ) | **JURY DEMAND COMPLAINT** |
| vs. ) | |
| ) | |
| **ADVANCED CALL CENTER** ) | |
| **TECHNOLOGIES, LLC, AND GE** ) | |
| **CAPITAL RETAIL BANK** ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1.      Plaintiff Maureen Lagrone ("Plaintiff") brings this class action under the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Washington

Consumer Protection Act ("WCPA"), Chapter 19.86 RCW.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts

and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff and

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Defendants are residents of this district, and/or Defendants transact business in this district.

## PARTIES

4.     Plaintiff Maureen Lagrone ("Plaintiff") is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Seattle.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Advanced Call Center Technologies, LLC ("ACCT") is a foreign, for-profit entity that can be served through its registered agent CT Corporation System, 505 Union Ave SE, Ste. 120, Olympia, WA.

7.     ACCT is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8.     ACCT uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

9.     On its website (www.acttoday.com), ACCT offers "a proven model for fast and efficient recovery of receivables."

10.    ACCT's website also describes its "full range of first and third party receivables management services," including "Automated contact options, Letter series/postcards, Bi-lingual recovery specialists, Skip tracing, Credit bureau reporting, Automated follow-up."

11.    ACCT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.    Defendant GE Capital Retail Bank ("GE Capital") is an FDIC-insured bank

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

CLASS ACTION COMPLAINT - 2

headquartered at 170 West Election Road, Suite 125, Draper, UT, 84020.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than ACCT.

14.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than ACCT, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a GE Capital personal credit card issued under a JCPenney label (the "Debt").

15.     On September 11, 2012, Plaintiff, through her counsel, sent a letter via certified mail to GE Capital notifying it that she was represented by an attorney with respect to the Debt and demanding that it cease all communications with Plaintiff and direct those communications instead to her counsel.  *See* Notice of Representation to GE Capital, attached as Exhibit "A."

16.     GE Capital received Plaintiff's notice of representation at 11:57 a.m. on September 14, 2012.  *See* Tracking Number Results, attached as Exhibit "B."

17.     Upon information and belief, ACCT knew that Plaintiff was represented by counsel with respect to the Debt at the time GE Capital placed the Debt with ACCT.

18.     In the alternative, GE Capital intentionally withheld the fact that Plaintiff was represented by counsel with respect to the Debt from ACCT.

19.     At some point thereafter, despite its knowledge that Plaintiff was represented by counsel with respect to the Debt, GE Capital placed the Debt with ACCT for collection.

20.     In connection with the collection of the Debt, ACCT, itself and on behalf of GE

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Capital, sent Plaintiff an initial written communication dated November 24, 2012 ("the Initial Communication").  *See* November 24, 2012 Correspondence, attached as Exhibit "C."

21.     The Initial Communication stated, in relevant part:

> ACCOUNT BALANCE: $2,424.00
> AMOUNT CURRENTLY DUE: $420.00
>                      * * * * *
> GE Capital Retail Bank may continue to add interest and fees as provided in your agreement.

*Id*.

22.     The Initial Communication does not definitively state whether the Debt is accruing interest, the rate of interest at which the interest is accruing, or the portion of the Debt that is principal and the portion of the Debt that is accrued interest or other fees. *Id*.

23.     Upon information and belief, the Debt is accruing interest.

24.     On January 15, 2013, the Debt had increased to $2,482.38.  *See* January 15, 2013 Correspondence, attached as Exhibit "D."

25.     The Initial Communication is therefore susceptible to two reasonable interpretations.

26.     The Initial Communication also falsely represents the character, amount, or legal status of the Debt, as prohibited by 15 U.S.C. § 1692e(2)(A).

27.     The Initial Communication also fails to state the amount of the Debt, as required by 15 U.S.C. § 1692g(a)(1).

28.     ACCT failed to state the amount of the Debt within five days of the Initial Communication.

29.     On January 2, 2013, Plaintiff, through her counsel, sent a letter via certified mail

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

to ACCT notifying it that she was represented by an attorney with respect to the Debt. *See* Notice of Representation to ACCT, attached as Exhibit "E."

30.     ACCT received Plaintiff's notice of representation at 8:43 a.m. on January 9, 2013. *See* Tracking Number Results, attached as Exhibit "F."

31.     Upon information and belief, ACCT informed GE Capital that it received Plaintiff's January 2, 2013 notice of representation.

32.     Despite its knowledge that Plaintiff was represented by counsel with respect to the Debt, GE Capital placed the Debt with yet another debt collector for collection purposes. Thereafter, the new debt collector. On behalf of GE Capital, sent a debt collection letter directly to Plaintiff, notwithstanding GE Capital's knowledge that Plaintiff was represented by counsel. *See* Exhibit "D."

## CLASS ACTION ALLEGATIONS

33.     Upon information and belief, the Initial Communication is based on a standardized letter, form, or template.

34.     Upon information and belief, ACCT sent an initial written communication based on the same standardized letter, form, or template as the Initial Communication to a large number of Washington consumers from whom ACCT attempted to collect debts over the one year period before this complaint was filed.

35.     Upon information and belief, GE Capital maintains a policy and practice of hiring debt collectors who will collect or attempt to collect debts from consumers in spite of the debt collectors' knowledge of the consumers' legal representation with respect to the debts.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

36.     In the alternative, upon information and belief, GE Capital maintains a policy and practice of hiring debt collectors that do not inquire whether consumers are represented by attorneys with respect to such debts and intentionally withholds such information.

37.     Upon information and belief, GE Capital maintains records showing every time it (or a debt collector collecting on its behalf) receives a letter from a consumer notifying it (or the debt collector) that the consumer is represented by an attorney with respect to a debt.

38.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent five classes of individuals defined as:

(1) All persons located in Washington to whom ACCT sent, within one year before the date of this complaint and in connection with the collection of a debt, an initial written correspondence substantially similar or materially identical to the Initial Communication that ACCT sent to Plaintiff—in that it failed to state the amount of the Debt as required by 15 U.S.C. § 1692g(a)(1)—and to whom ACCT did not, within five days thereafter, send a written notice containing the amount of the Debt.

(2) All persons located in Washington to whom ACCT sent, within one year before the date of this complaint and in connection with the collection of a debt, an initial written correspondence substantially similar or materially identical to the Initial Communication that ACCT sent to Plaintiff in that it did not definitively state (1) whether the Debt was accruing interest, (2) the rate of interest at which the interest is accruing, and/or (3) the portion of the Debt that is principal and the portion of the Debt that is accrued interest or other fees.

(3) All persons located in Washington with whom ACCT communicated, on behalf of GE Capital, within one year before the date of this complaint and in connection with the collection of a debt, despite its actual knowledge that the person was represented by an attorney with respect to such debt.

(4) All persons located in Washington with whom received a debt collection letter on behalf of GE Capital, within one year before the date of this complaint and in connection with the collection of a debt, despite GE Capital's actual knowledge that the person was represented by an attorney with respect to such debt.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

CLASS ACTION COMPLAINT - 6

39.     The proposed classes specifically exclude the United States of America, the states of the Ninth Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

40.     The classes are averred to be so numerous that joinder of members is impracticable.

41.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

42.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

43.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq*., (c) GE Capital's violation of under 15 U.S.C. § 1692c(a)(1); (d) GE Capital's violations of RCW § 19.86.020; (e) the availability of statutory penalties; and (f) attorney's fees and costs.

44.     The claims of Plaintiff are typical of those of the classes she seeks to represent.

45.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendants.  Thus, if brought and prosecuted

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

CLASS ACTION COMPLAINT - 7

individually, the claims of each class member would require proof of the same material and substantive facts.

46.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

47.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

48.     Plaintiff is willing and prepared to serve this Court and proposed classes.

49.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

50.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will vigorously prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

51.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

52.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

53.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

55.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**
**ACCT**

56.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 55.

57.     Under 15 U.S.C. § 1692g(a)(1), debt collectors are required to send consumers a written notice containing the amount of the debt within five days after the initial communication with the consumer in connection with the collection of any debt.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

CLASS ACTION COMPLAINT - 9

58.     ACCT violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication, which did not state the amount of the Debt because it failed to state that the Debt was accruing interest, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

59.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication, which stated the amount of the Debt as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

60.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication which failed to state whether the Debt was subject to the accrual of interest and other charges, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

61.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication which failed to state whether the Debt had accrued interest and other charges, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

62.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication which failed to state the amount of interest and other charges that had accrued on the Debt, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

63.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692g(a)(1) when

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

it sent the Initial Communication which failed to state how or when the amount of the Debt had been calculated, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

64.     ACCT, as a matter of pattern and practice, does not send a written notice to consumers stating the amount of the debt within five days after the initial communication with the consumer in connection with the collection of a debt.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## ACCT

65.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 55.

66.     The FDCPA prohibits "[t]he false representation of—(A) the character, amount, or legal status of any debt…" 15 U.S.C. § 1692e(2)(A).

67.     ACCT violated 15 U.S.C. § 1692e(2)(A) by failing to state in the Initial Communication that the Debt was accruing interest.

68.     The Initial Communication violated 15 U.S.C. § 1692e(2)(A) because the "least sophisticated consumer" could "reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges," or "just as reasonably determine that the balance would continue to grow over time as interest accrued." *Snyder v. Daniel N. Gordon, P.C.*, No. C11-1379 RAJ, 2012 WL 3643673, at *3 (W.D. Wash.).

69.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692e(2)(A) by stating the amount of the Debt as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees.

70.     In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692e(2)(A) by

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

failing to state whether the Debt had accrued interest and other charges.

71.    In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692e(2)(A) by failing to state the amount of interest and other charges that had accrued on the Debt.

72.    In addition, or in the alternative, ACCT violated 15 U.S.C. § 1692e(2)(A) by failing to state how or when the amount of the Debt had been calculated.

73.    ACCT, as a matter of pattern and practice, sends debt collection letters to consumers that misrepresent the character, amount, or legal status of their debts.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**ACCT**

74.    Plaintiff repeats and re-alleges the allegations in paragraphs 1- 55.

75.    Under § 1692c of the FDCPA, a debt collector "may not communicate with a consumer in connection with the collection of any debt…if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2)**.**

76.    ACCT violated 15 U.S.C. § 1692c(a)(2) when it sent Plaintiff the Initial Communication despite its actual knowledge that Plaintiff was represented by an attorney with respect to the Debt and when it could readily ascertain the name and address of such attorney from GE Capital.

77.    In the alternative, ACCT violated 15 U.S.C. § 1692c(a)(2) when it sent Plaintiff the Initial Communication when it should have known that Plaintiff was represented by an attorney with respect to the Debt, and when it could readily ascertain the name and address of the attorney that represented Plaintiff with respect to such debt from GE Capital.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**GE CAPITAL**

78.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 55.

79.     GE Capital is liable for ACCT's violation of 15 U.S.C. § 1692c(a)(2), because GE Capital had actual control over the manner by which ACCT collected the Debt from Plaintiff, and it intentionally withheld the name and address of Plaintiff's attorney from ACCT.

80.     In the alternative, GE Capital is liable for ACCT's violation of 15 U.S.C. § 1692c(a)(2), because GE Capital had actual control over the manner by which ACCT collected the Debt from Plaintiff, and it knew that ACCT would attempt to collect the Debt from Plaintiff in spite of its knowledge of Plaintiff's attorney's name and address.

81.     In the alternative, GE Capital is liable for ACCT's violation of 15 U.S.C. § 1692c(a)(2), because GE Capital had actual control over the manner by which ACCT collected the Debt from Plaintiff, and it knew that ACCT would attempt to collect the debt from Plaintiff without inquiring whether Plaintiff was represented by an attorney with respect to the Debt.

**COUNT V**
**VIOLATION OF RCW § 19.86.020**
**GE CAPITAL**

82.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 55.

83.     The WCPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

84.     To establish a violation of the WCPA, Plaintiff must show: (1) that GE Capital engaged in an unfair or deceptive act or practice, (2) that the act or practice occurred in the conduct of trade or commerce, (3) that the act or practice affected the public interest, (4) that

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

CLASS ACTION COMPLAINT - 13

Plaintiff was injured in either her business or property; and (5) that GE Capital's act or practice caused Plaintiff's injury.

85.    GE Capital engages in an unfair and deceptive trade practice by hiring debt collectors that willfully commit violations of 15 U.S.C. § 1692c(a)(2) or that do not inquire into whether a consumer is represented by an attorney with respect to the debt GE Capital hires them to collect.

86.    GE Capital's unfair and deceptive practice is part of its normal commercial operations and affects a great number of consumers in the state of Washington.

87.    As a result of this practice, Plaintiff, through her counsel, was forced to send multiple letters and incur the cost of postage to notify GE Capital (or its debt collectors) that she was represented by an attorney with respect to the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying her as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b)    Adjudging and declaring that ACCT violated 15 U.S.C. § 1692g(a)(1), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692c(a)(2), and that GE Capital violated 15 U.S.C. § 1692c(a)(2)and RCW § 19.86.020 and enjoining Defendants from committing further violations;

c)    Awarding Plaintiff, and others similarly situated, actual damages, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k and RCW § 19.86.020 and three times their actual damages RCW § 19.86.020;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d)  Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

e)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted on November 25, 2013.


s/ Jon N. Robbins
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

CLASS ACTION COMPLAINT - 15